IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

vs.

Case No. 4:05cr33-RH
Case No. 4:08cv15-RH/WCS

KURTIS TYRONE WRIGHT,

    Defendant.

_____/

## REPORT AND RECOMMENDATION TO DENY § 2255 MOTION

    Pursuant to court order, doc. 144, Defendant filed an amended 28 U.S.C. § 2255 motion which remains pending.  Doc. 145.  The Government was directed to file a response, and Defendant given the opportunity to file a reply if he wished to do so.  Doc. 146.  The Government filed a response in opposition to the § 2255 motion.  Doc. 147.  Defendant did not file a reply.

    Defendant raises two grounds for relief: that there was insufficient evidence to support his conviction for possession of a firearm by a convicted felon, and that his conviction of this offense after he was acquitted of possession of a firearm constituted double jeopardy.

**Procedural Background**

Defendant was charged by indictment with three counts: armed bank robbery, carrying firearms during and relation to the crime of bank robbery, and possession of a firearm by a convicted felon.  Doc. 1.  Co-defendant Mike McClain Johnson was charged in counts one and two.  *Id.*  The cases were severed for trial.  Doc. 38.  This Defendant was acquitted of counts one and two, and convicted on count three.  Doc. 74.  Defendant Johnson was acquitted of counts one and two.  Doc. 100.

Defendant was sentenced to 120 months.  Doc. 111.  By recommendation to the Bureau of Prisons (BOP), 84 months would be served concurrently with his state sentence, and 36 months would be served consecutively with his state sentence.  *Id.*

The judgment was affirmed on appeal.  Doc. 136.[1]  As set forth in the opinion, Defendant challenged the sufficiency of the evidence.

> At Wright's trial, the government produced evidence that: (1) Wright at one time admitted committing the bank robbery using a 9-millimeter pistol; (2) while incarcerated Wright described the bank robbery and his possession of the 9-millimeter pistol to a fellow inmate; (3) Wright admitted at trial that he had touched a black pistol on the day of the robbery; (4) Wright led police on a high-speed chase using a vehicle that matched the description of the vehicle used in the robbery and that was carrying men who matched the description of the men who committed the armed bank robbery; and (5) two loaded firearms, resembling those used in the bank robbery, were located in the trailer that Wright was parked in front of when spotted by police.

*Id.*  The court found that credibility of the inmate witness (Laquinton Perry) was for the jury to decide.  *Id.*  "Similarly, the jury could find Wright's testimony that the gun he touched was not one of the guns introduced at trial lacked credibility.  If disbelieved,

---

[1] The Government also included a copy of the opinion with the response in opposition.

Case Nos. 4:05cr33-RH and 4:08cv15-RH/WCS

Wright's testimony could be used as substantive evidence of his guilt."  *Id.* (citation omitted).

**§ 2255 Review**

> Courts have long and consistently affirmed that a collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal. Because collateral review is not a substitute for a direct appeal, the general rules have developed that: (1) a defendant must assert all available claims on direct appeal, and (2) "[r]elief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.' "

Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir.), *cert. denied*, 543 U.S. 891 (2004) (citations and footnotes omitted).

Errors raised and adjudicated on direct appeal cannot be considered pursuant to a § 2255 motion.  United States v. Nyhuis, 211 F.3d 1340 , 1343 (11th Cir. 2000) (citation omitted).  If the issue was not raised on appeal, on the other hand, it is procedurally barred and will not be reviewed absent a showing of cause and prejudice. *Id*., at 1343-44 and n. 3 (citations and footnote omitted); *see also* Massaro v. United States, 538 U.S. 500, 504, 123 S.Ct. 1690, 1693, 155 L.Ed.2d 714 (2003) (noting "the general rule that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice.") (citations omitted).

**Ground One**

Defendant claims there was insufficient evidence to support his conviction for possession of a firearm by a convicted felon.  Doc. 145, attachment, p. 3.  He quotes his own trial testimony, in which he admitted to touching a black gun on a counter inside a mobile home, but also testified it was not either of the two guns which were in evidence.

*Id.*, pp. 3-4.  "He merely admits touching a weapon that was nothing more than a Bee-Bee gun," and mere touching was insufficient.  *Id.*, p. 4.  Defendant asserts that the firearm he admitted touching was never admitted into evidence, and no fingerprints proven to be his were admitted into evidence.  *Id.*, p. 5.  He claims his case is factually similar to United States v. Chapotin, 173 Fed.Appx. 751 (11th Cir. 2006).

    As quoted above, this claim was rejected on appeal.  The appellate briefs even cited Chapotin.  2006 WL 4485459 (brief for appellant) and 2006 WL 4485463 (reply brief for appellant).  No reason for relitigating the claim is indicated here.

    Though further discussion is not necessary, it is noted that Defendant's argument seems based on the notion that the jury had to believe all of his testimony since he was acquitted on counts one and two.  Therefore, the argument goes, he was convicted for merely touching a BB gun (as he testified) which was not one of the two firearms charged in the indictment and introduced at trial.  The jury was instructed that it must consider all the evidence, however, and this did not "mean that you must accept all of the evidence as true or accurate."  Doc. 71, p. 4.

> You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision *you may believe or disbelieve any witness, in whole or in part*.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.

*Id.* (emphasis added).

    Count three specifically charged that Defendant possessed a Beretta 9 mm semiautomatic pistol and a Beretta .40 caliber semiautomatic pistol.  Doc. 1, p. 3.  The jury was instructed as to count three that one of the elements the Government had to prove, beyond a reasonable doubt, was that Defendant knowingly possessed the

firearm charged in the indictment. Doc. 71, pp. 13-14. There was evidence at trial regarding the two Beretta pistols charged in the indictment,[2] and (as noted in the appellate opinion, quoted above), the jury could disbelieve Defendant's testimony that the gun he touched was not one of those guns. See also doc. 106, pp. 2-3 (order denying motion for judgment of acquittal).[3]

**Ground Two**

Defendant claims that he was acquitted of counts one and two but convicted of count three, in violation of double jeopardy. Doc. 145, attachment, pp. 7-8. He asserts that the acquittal for possession of a firearm in a robbery should bar his conviction of possession of a firearm by a convicted felon in the single transaction of armed bank robbery. Id., pp. 9-11.

---

[2] They were found in a search of the mobile home at 5148 Maverick Lane. Doc. 128 pp. 93-96, 215-216. Bank personnel identified the firearms as looking like those used in the robbery. Id., pp. 107, 110, 116,137-138. Laquinton Perry, an inmate once in the same dorm as Defendant, testified that Defendant told him that he and two others robbed the bank, and that he and another person robbed it with guns while the other held the door. Id., pp. 145-147. Defendant said in an interview with Officer Charles Perry (played to the jury) that he had the 9 mm during the robbery, Randall Brown ("Dred") had the other firearm, and Mike Johnson was the lookout. Id., pp. 61-66.

[3] The court noted Defendant was a convicted felon, so if he participated in the robbery he was guilty of being a felon in possession of a firearm even if he did not actually carry a gun. Doc. 106, p. 2. From the evidence a reasonable juror could have found beyond a reasonable doubt that Defendant was one of the robbers, which alone required denial of the motion for acquittal, and "[t]his is so even though the jury acquitted Mr. Wright of the bank robbery." Id., pp. 2-3. "When a jury returns a conviction on one count and an acquittal on another, and when this is logically inconsistent, there is no more reason to question the conviction than to question the acquittal, and the proper result is to enter a judgment of conviction on the count on which the jury returned a guilty verdict." Id., p. 3 (citation omitted). The court found the verdicts not inconsistent. Even if Defendant did not participate in the robbery, he was in the mobile home and admitted that he handled one of the guns in the mobile home that day. Id.

> Petitioner's primary argument here, is the conviction of possession of a firearm by a convicted felon, rendered subsequently after being acquitted of possessions of armed bank robbery [sic], and possession of a firearm which arose out of a single criminal transaction raise significant double jeopardy problems, and hence, that judgment is vulnerable to collateral attack for the first time.

*Id.*, p. 11.

The Government responds that this claim was procedurally defaulted as not raised at trial or on direct appeal, and that it is without merit.

Defendant cannot show prejudice or prevail in any event because this claim is baseless.  "The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."  Albernaz v. United States, 450 U.S. 333, 337, 101 S.Ct. 1137, 1141, 67 L.Ed.2d 275 (1981), *citing* Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed.2d 306 (1932); *see also* United States v. Williams, 527 F.3d 1235, 1240 (11th Cir. 2008) ("[w]e analyze issues of double jeopardy under the test set forth by the Supreme Court in [Blockburger]," also citing Albernaz).  Using the Blockburger analysis, "if an offense requires proof of an element that the other offense does not, we need look no further in determining that the prosecution of both offenses does not offend the Fifth Amendment."  United States v. Hassoun, 476 F.3d 1181, 1186 (11th Cir. 2007) (citations omitted).

> Count two charged that on March 14, 2005, Defendants Wright and Johnson:
>
> during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, bank robbery, as charged in Count One of this Indictment, did knowingly use and carry a firearm, namely, a Beretta 9 mm semiautomatic pistol and a Beretta .40

caliber semiautomatic pistol, in violation of Title 18, United States Code, Sections 924(c)(1) and 2.

doc. 1, p. 2. The verdict form specifically provided that if the jury found Defendant "not guilty" to question one (armed bank robbery), then the jury should skip questions 2 and 2(A) (related to count two) and proceed to question 3 (as to count three). Doc. 74, pp. 1-2. Clearly, a crime of violence was required before the jury could find Defendant had carried a firearm during and in relation to that crime of violence. Count three, on the other hand, required a finding that Defendant was a convicted felon, and "did knowingly possess firearms, to wit: a Beretta 9 mm semiautomatic pistol and a Beretta .40 caliber semiautomatic pistol, which had previously be transported in interstate commerce." Doc. 1, pp. 2-3; doc. 74, p. 3. See also doc. 71, pp. 8-13 (jury instructions explaining the charges).

Using or carrying a firearm while committing a crime of violence requires proof of different elements than possessing a firearm as a convicted felon. *See* United States v. Howard, 918 F.2d 1529, 1533 (11th Cir. 1990) (possession for carrying firearm during commission of drug trafficking or violent offenses, using that firearm to assault DEA agents, and possessing that firearm as a convicted felon could all be punished, consistent with Blockburger, as additional elements of proof were required to convict of each).[4]

---

[4] *Compare* Ball v. United States, 470 U.S. 856, 860-864, 105 S.Ct. 1668, 1671-73, 84 L.Ed.2d 740 (1985) (while the two crimes could be prosecuted simultaneously, convicted felon could not be convicted and punished for both illegal receipt *and* illegal possession of the same firearm in the same transaction; by definition, a felon receiving the firearm also possesses it). Even in Ball, where a double jeopardy violation was found, the remedy was to vacate one of the improper convictions; this Defendant was convicted of only one count.

Case Nos. 4:05cr33-RH and 4:08cv15-RH/WCS

## Recommendation

It is therefore respectfully **RECOMMENDED** that the amended § 2255 motion, doc. 145, be **DENIED WITH PREJUDICE.**

**IN CHAMBERS** at Tallahassee, Florida, on August 14, 2008.

   S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.